# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

LUIS ORLANDO GONZALEZ ARTILES,

     Petitioner,

v.                                                            No. 2:26-cv-00411-MLG-KRS

DORA CASTRO, et al. or WARDEN,
of Otero County Processing Center,
Chaparral, New Mexico; MARY DE
ANDA-YBARRA, Field Office Director
of U.S. Immigration and Customs
Enforcement, El Paso, Texas; KRISTI
NOEM, Secretary of the U.S. Department
of Homeland Security; PAMELA BONDI,
Attorney General of the United States, et al.,

     Respondents.

## ORDER DIRECTING RESPONDENTS TO IMMEDIATELY RELEASE PETITIONER UPON PAYMENT OF $7,000 BOND

Petitioner Luis Orlando Gonzalez Artiles, a Cuban citizen, has been held by federal immigration authorities since July 22, 2025. Doc. 1 at 4. He is currently detained at the Otero County Processing Center in Chaparral, New Mexico. *Id.* Gonzalez Artiles challenges his continued detention and seeks a writ of habeas corpus under 28 U.S.C. § 2241 directing federal immigration authorities to release him from custody. Doc. 1 at 9. The United States Attorney's Office for the District of New Mexico ("USAO") filed a Response to Gonzalez Artiles's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 ("Petition"), Doc. 1, on behalf of Federal Respondents on March 5, 2026. *See* Doc. 8. Gonzalez Artiles filed a Reply on March 16, 2026. *See* Doc. 10.

It appears Gonzalez Artiles entered the United States in March 2022.[1] Doc. 8 at 2. Within days of entering the country, he was released on his own recognizance. *Id.* He was taken into custody again on July 22, 2025, Doc. 1 at 4, though neither party supplies information regarding the circumstances of his re-detention. *See generally* Docs. 1, 8. The following day, Gonzalez Artiles' removal proceedings were dismissed by an immigration judge ("IJ") under 8 CFR § 1239.2(c). Doc. 8 at 2. The IJ also apparently denied Gonzalez Artiles' application for asylum and withholding of removal and ordered his removal. Doc. 1 at 4. Gonzalez Artiles appealed to the Board of Immigration Appeals on July 30, 2025—an appeal that was still pending as of March 5, 2026. Doc. 8 at 2.

Since being detained, Gonzalez Artiles has twice requested redetermination of his custody status. *Id.* Both requests were denied. *Id.* The first denial stated that Gonzalez Artiles' detention was governed by 8 U.S.C. § 1225, and therefore the IJ did not have jurisdiction to grant his bond. *Id.*; *see also* Doc. 8-1 at 1. In the alternative, the IJ found that Gonzalez Artiles is "neither a flight risk nor a danger to the community" and stated that he would set bond at $7,000. Doc. 8 at 2; Doc. 8-1 at 1. The IJ denied Gonzalez Artiles' second custody redetermination request solely due to lack of jurisdiction. Doc. 8 at 2; *see also* Doc. 8-1 at 3.

Federal Respondents maintain that Gonzalez Artiles "is correctly classified as an 'applicant for admission' under § 1225(b)(2)(A) based on the plain language of that statute." Doc. 8 at 3. The record does not support that conclusion. Gonzalez Artiles was released on his own recognizance, which is a form of conditional parole authorized by § 1226(a)(2)(B). *See Ortega-Cervantes v. Gonzales*, 501 F.3d 1111, 1115 (9th Cir. 2007) (explaining that the federal government "use[s] the

---

[1] The Petition states that he entered the United States in March 2025, Doc. 1 at 4, but based on the USAO's Response, the Court is inclined to treat the reference to 2025 as a typo.

phrase 'release on recognizance' as another name for 'conditional parole' under § 1226(a)"); *Lopez Benitez v. Francis*, 795 F. Supp. 3d 475, 485 (S.D.N.Y. 2025) (explaining that releasing a noncitizen on their own recognizance "is not humanitarian or public benefit parole into the United States under §§ 1225 and 1182(d)(5)(A), but rather[,] a form of conditional parole from detention, authorized under § 1226" (citation modified)). As such, Gonzalez Artiles' detention is governed by § 1226(a), not § 1225, and he is entitled to a bond hearing. *See, e.g.*, *Ramirez-Gavilan v. Collins*, No. 1:25-CV-2052-RP, 2026 WL 274705, at *5 (W.D. Tex. Jan. 17, 2026) ("[T]he government has already treated Petitioner as subject to § 1226 when they paroled him under that provision—a form of parole that would not have been possible if he was being detained subject to § 1225. That alone would be sufficient to say that Petitioner is wrongfully detained under § 1225 now."); *Diaz-Cruz v. Dedos*, No. 1:25-CV-01117-MLG-JMR, 2025 WL 3628517, at *2 n.6 (D.N.M. Dec. 12, 2025) (explaining that a noncitizen is entitled to an individualized bond hearing when § 1226(a) governs their detention).

Federal Respondents do not argue that the IJ's dismissal of Gonzalez Artiles' removal proceedings altered his parole status under § 1226(a). *See generally* Doc. 8. Nor could the dismissal have that effect at this stage, as Gonzalez Artiles' appeal remains pending. *Id*. at 2. Courts addressing similar circumstances have recognized that a noncitizen remains in § 1229a proceedings during the pendency of an administrative appeal. *See, e.g.*, *Patel v. Tindall*, No. 3:25-CV-373-RGJ, 2025 WL 2823607, at *5 (W.D. Ky. Oct. 3, 2025); *Y-Z-L-H v. Bostock*, 792 F. Supp. 3d 1123, 1136 (D. Or. 2025). Accordingly, Gonzalez Artiles remains in § 1229a proceedings, and his detention continues to be governed by § 1226(a).

Federal immigration authorities and an IJ have already determined that Gonzalez Artiles is neither a flight risk nor a danger to the community. *See* 8 C.F.R. § 1236.1(c)(8) (explaining that a

noncitizen may be released from custody if they "demonstrate to the satisfaction of the officer that such release would not pose a danger to property or persons, and that the [noncitizen] is likely to appear for any future proceeding"); Doc. 8-1 at 1. Therefore, the Petition, Doc. 1, is granted to the extent that the Court orders that Gonzales Artiles be immediately released upon payment of the $7,000 bond found in the alternative by the IJ at Gonzalez Artiles's first custody redetermination hearing. Doc. 8-1 at 1; *see also Diaz-Cruz*, 2025 WL 3628517, at *2.

It is hereby ordered:

1. Upon payment of the $7,000 bond, Respondents must immediately release Gonzalez Artiles from custody subject to the conditions of his release on recognizance.

2. Upon Gonzalez Artiles' release, Respondents must return all his property, including any immigration and identification documentation that was in his possession when he was detained.

3. Respondents must file a status report within three days of Gonzalez Artiles' release to certify their compliance with this Order. The status report shall state when Gonzalez Artiles paid the $7,000 bond, as well as when and where he was released.

4. Because Gonzalez Artiles was released on his own recognizance by federal immigration authorities, he has a liberty interest in remaining free.[2] Absent a valid, final removal order, Respondents may not re-detain him without conducting a pre-

---

[2] *See, e.g.*, *Pablo Sequen v. Albarran*, 806 F. Supp. 3d 1069, 1082 (N.D. Cal. 2025) ("Even when the government has discretion to detain an individual, its subsequent decision to release the individual creates 'an implicit promise' that [they] will be re-detained only if [they] violate[] the conditions of [their] release." (quoting *Morrissey v. Brewer*, 408 U.S. 471, 482 (1972))), *appeal filed sub nom.*, *Garcia v. Albarran*, No. 25-7868 (9th Cir. Dec. 16, 2025); *Diallo v. Orozco*, No. 2:26-cv-00066-MLG-JHR, 2026 WL 608746, at *2-5 (D.N.M. Mar. 4, 2026).

deprivation hearing before a neutral immigration judge during which Respondents must show by clear and convincing evidence that Gonzalez Artiles is a flight risk or a danger to the community, and that no conditions other than his detention would be sufficient to alleviate such concerns.[3] Respondents must notify Gonzalez Artiles seven days in advance of any such hearing.

5. Gonzalez Artiles shall promptly report to the Court any failure on Respondents' part to comply with this Order.

It is so ordered.

_____
UNITED STATES DISTRICT JUDGE
MATTHEW L. GARCIA

---

[3] *See Velasquez Salazar v. Dedos*, 806 F. Supp. 3d 1231, 1240-46 (D.N.M. 2025) (concluding that, where the petitioner had "been unlawfully detained without due process in violation of his constitutional rights[,]" the appropriate remedy was "shifting the burden to the Government to prove, by clear and convincing evidence, that [the p]etitioner is at risk of flight and/or a danger to the community such that continued detention is necessary").